**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

YEVONNE AGBUKE,

    Plaintiff,

v.                                                         Case No. 09-cv-13539

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

    Defendant.
_____/

**OPINION AND ORDER INTERPRETING PLAINTIFF'S 9/22/09 "RESPONSE" AS A
MOTION FOR RECONSIDERATION AND DENYING THE MOTION**

On September 8, 2009, Plaintiff Yevonne Agbuke filed a *pro se* complaint against the Equal Employment Opportunity Commission (the "EEOC"). Plaintiff alleged that she filed a claim with the EEOC arising from her allegedly discriminatory termination from employment at St. Mary Hospital, but that her claim was halted by EEOC Investigator Cynthia Baker. (Compl. at 2-3.) Plaintiff attempted to base her federal cause of action on Ms. Baker's allegedly defective investigation into her EEOC claim.

On review of the complaint, this court dismissed the complaint on September 16, 2009, pursuant to 28 U.S.C. § 1915(e)(2). Under § 1915, this court is required to screen and to dismiss complaints filed *in forma pauperis* that are frivolous, fail to state a claim upon which relief can be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *McGore v. Wigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997). In its September 16, 2009 order, the court held that Plaintiff cannot maintain a cause of action against the EEOC for its alleged failure to

fully investigate a claim or its purported improper treatment of a Title VII claim. (9/16/09 Order at 3.) The Sixth Circuit has explicitly held that "Title VII does not provide either an express or implied cause of action against the EEOC to challenge its investigation and processing of a charge." *Haddad v. E.E.O.C.*, 111 F. App'x 413, 414-15 (6th Cir. 2004) (quoting *McCottrell v. EEOC*, 726 F.2d 350, 351 (7th Cir. 1984) and citing *Smith v. Casellas*, 119 F.3d 33, 34 (D.C. Cir. 1997)). The court therefore summarily dismissed Plaintiff's complaint for failure to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

On September 22, 2009, Plaintiff filed a document entitled "In Answer to Dismissal of Compliant [sic]," which the clerk's office docketed as a "Response to Order Dismissing Case." Interpreting Plaintiff's *pro se* document liberally, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), the court will construe the document as a motion for reconsideration.

Motions for reconsideration may be granted when the moving party shows (1) a "palpable defect," (2) by which the court and the parties were misled, and (3) the correction of which will result in a different disposition of the case. E.D. Mich. L.R. 7.1(g)(3). A "palpable defect" is a "defect which is obvious, clear, unmistakable, manifest or plain." *Olson v. The Home Depot*, 321 F. Supp. 2d 872, 874 (E.D. Mich. 2004).

Plaintiff here has failed to meet this standard. She appears to argue the merits of her underlying discrimination claims against St. Mary Hospital, without explaining how, even if her discrimination claims against the hospital have merit, she can sustain a claim against the EEOC. The Sixth Circuit is clear that a plaintiff may not sue the EEOC for

improper investigation or dismissal of an EEOC claim.  *Haddad*, 111 F. App'x at 414-15.  Plaintiff has therefore failed to demonstrate a palpable defect by which the court has been misled.  E.D. Mich. L.R. 7.1(g)(3).  Accordingly,

IT IS ORDERED that Plaintiff's September 22, 2009 "Response to Order Dismissing Case" [Dkt. # 4] is INTERPRETED as a motion for reconsideration and DENIED.

     S/Robert H. Cleland
     ROBERT H. CLELAND
     UNITED STATES DISTRICT JUDGE

Dated:  October 16, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 16, 2009, by electronic and/or ordinary mail.

     S/Lisa Wagner
     Case Manager and Deputy Clerk
     (313) 234-5522